# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Toby Depoister,

          Petitioner,

v.                                               Case No. 21-CV-1794 (ECT/HB)

B. Birkholz, Warden of Federal Prison
Camp Duluth; and Michael Carvajal,
Director of the Federal Bureau of Prisons,
in their official capacities,

          Respondents.


Toby Depoister,

          Petitioner,

v.                                               Case No. 21-CV-1810 (ECT/HB)

B. Birkholz, Warden of Federal Prison
Camp Duluth; and Michael Carvajal,
Director of the Federal Bureau of Prisons,
in their official capacities,

          Respondents.

## REPORT AND RECOMMENDATION

HILDY BOWBEER, United States Magistrate Judge

      Petitioner Toby Depoister initiated these two substantively identical habeas corpus matters on August 4 and August 6, 2021. In neither case did Depoister pay the filing fee or apply for *in forma pauperis* ("IFP") status. Within one day of receiving each of the

habeas petitions, the Clerk of Court notified Depoister that he would be required to pay the filing fee or apply for IFP status, failing which the matter could be dismissed without prejudice.

More than three weeks has now passed since Depoister was notified of the requirement to submit an IFP application or pay the filing fees for these cases, and yet Depoister has done neither of these things.  In fact, Depoister has not communicated with the Court at all about these matters since initiating these cases.[1]  Accordingly, this Court now recommends that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute.  *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").  Should Depoister submit an IFP application or pay the filing fee for these matters during the period for objecting to this Recommendation, this Court will vacate the recommendation of dismissal and proceed to

---

[1] By contrast, Depoister has been an active participant in a *third* habeas corpus proceeding that was recently dismissed in this District.  *See Depoister v. Birkholz*, 21-CV-0684 (ECT/BRT) (D. Minn.).  In fact, Depoister recently applied to proceed IFP on appeal in that proceeding.  *See id.*, ECF No. 22.  Even if this Court were to consider that IFP application in conjunction with these matters, however, this Court would not be inclined to grant IFP status to Depoister, as the IFP application does not establish that payment of the $5.00 filing fee in these cases would amount to an undue hardship in Depoister's case (for example, the IFP application states that Depoister has received an average of $1,636.41 in deposits per month to his prison trust account over the past six months).  *Id.*

reviewing Depoister's petition (or petitions) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: August 30, 2021    s/*Hildy Bowbeer*_____
                          HILDY BOWBEER
                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[2] Although Depoister's habeas petitions are not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases may nevertheless be applied. *See* Rule 1(b).